**CV 16    4376**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SALVATORE CUSUMANO,

    Plaintiff,

    -against-

THOMAS C. KRUMPTER, Acting Police
Commissioner, Nassau County, New York,

PAUL CAPPY, Police Officer and
Investigator, Nassau County Police
Department, Pistol License Section,

And

The COUNTY OF NASSAU,

    Defendants

CIVIL ACTION NO.

WEXLER, J.

LINDSAY, M.J.

COMPLAINT

Jury Trial Demanded

## COMPLAINT

1. Plaintiff, SALVATORE CUSUMANO, by and through his attorney, Robert T. Bean, files this his COMPLAINT and respectfully sets forth to this Court as follows:

### PRELIMINARY STATEMENT

2. This action is brought pursuant to the provisions of 42 U.S.C. §

Complaint      1

1983 and § 1985 for deprivation of Plaintiff's constitutional rights and for the intentional infliction of emotional distress, intentional conversion of property and the depravation of his rights to keep and bear arms and for denial of due process. The claims include the refusal of the Defendants to return Plaintiff's pistol license and legally owned handguns to him and for conspiracy on the part of those persons to prevent and/or delay their return.

### JURY TRIAL DEMANDED

3.  Plaintiff demands trial by jury in this action.

### JURISDICTION AND VENUE

4.  This action arises under the 2nd, 5th and 14th Amendments to the United States Constitution, under 42 U.S.C §§ 1983, 1985 and 1988.

5.  The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and § 1343(a) (1), (2) and (3) and upon pendent and ancillary jurisdiction.

6.  Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

### THE PARTIES

7.  The Plaintiff was and still is a resident citizen of the County of Nassau, State of New York.

8.  Upon information and belief, at all times hereinafter mentioned, Defendant THOMAS C. KRUMPTER is and was the Acting Police Commissioner, Nassau County, New York, whose place of business is in Nassau County, New York.

9.  Upon information and belief, at all times hereinafter mentioned, Defendant PAUL CAPPY, was and is a Police Officer and Investigator, Nassau County Police Department, Pistol License Section, whose place of business is in Nassau County, New York.

10. Defendant, COUNTY OF NASSAU, is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

## FACTS

11. On or about July 14, 2015 an *Ex Parte* Order of Protection was served upon Plaintiff, issued by the Family Court, State of New York, County of Nassau, Order

Number 2015-003570. The Order was issued pursuant to the Complaint of Patty Nelson, the adult sister of Plaintiff.

12.  Pursuant to the laws of the State of New York, on July 14, 2015, Plaintiff's Pistol License and two handguns were confiscated by the Nassau County Sheriff's Office.

13.  On July 15, 2015 Plaintiff's Pistol License was suspended by the Nassau County Police Department Pistol License Section.

14.  On July 17, 2015 at the Hearing on said Order, the Order of Protection was vacated and the matter dismissed.

15.  Even though a certified transcript of said hearing and a copy of the Order dismissing said Order of Protection was delivered to the Pistol License Division, specifically to Investigator, Defendant Cappy, and even though the Plaintiff is not disqualified under state or federal law from possession firearms, the Defendants after a year, have failed to complete their "investigation", have failed to have a "prompt post deprivation hearing" and have failed to re-instate Plaintiff's Pistol License and return his handguns.

16.  Plaintiff, SALVATORE CUSUMANO, repeatedly, both orally and in writing requested that his pistol license and firearms be returned to him. Over a year has elapsed

since the dismissal of the Order of Protection and Defendants are still delaying and/or refusing to return said license and handguns to Plaintiff.

## COUNT ONE
### (Right to Keep and Bear Arms)

17.     Paragraphs 1 through 16 are realleged and incorporated herein as if they are fully set forth.

18.     The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment, provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

19.     Plaintiff has an individual, enumerated, fundamental right to possess a handgun, at a minimum, in his home for the purpose of defense and other lawful purposes. In the state of New York a Pistol License is required to legally possess a handgun, therefore the Plaintiff has an individual, enumerated, fundamental right to a handgun license.

20.     The above-described acts of Defendants in refusing to return Plaintiff's Pistol License and in failing to return his handguns have abridged and infringed on the right of the Plaintiff to keep and bear arms in violation of U.S. Const., Amends. II and XIV.

## COUNT TWO

(Due Process)

21. Paragraphs 1 through 20 are realleged and incorporated herein as if they are fully set forth.

22. The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

23. Plaintiff's firearms constituted private property that was lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

24. Defendants' failure and refusal to return Plaintiff's Pistol License and failure and refusal to provide a "prompt post deprivation hearing" regarding retention of his pistol license and handguns constitute a denial of due process under the Fifth and Fourteenth Amendments of the United States Constitution.

COUNT THREE

(Monell Claim)

25. Paragraphs 1 through 24 are realleged and incorporated herein as if they are fully set forth.

26. The Plaintiff was deprived of his constitutional rights as set forth above as a result of the policy of the Commissioner of Police and Nassau County Police Department to unreasonably delay "investigations" regarding the issuance or re-instatement of Pistol License in order to delay and/or prevent the return of handguns and pistol license:

    a. by adopting un-necessarily complex and lengthy rules and regulations regarding same;

    b. by intentionally failing to adequately staff the Pistol Licensing Division to timely comply with their overly complex and lengthy rules and regulation so as to avoid undue delay and violation of citizens' constitutional rights;

    c. by intentionally failing to provide a deadline for decisions regarding said licenses;

    d. by failing to provide a "prompt post deprivation hearing" regarding the failure or refusal to issue or re-instate said license;

    e. by failing to provide any judicial review of the decisions of the Pistol License Division or the Commissioner of Police who is the Pistol Licensing Officer for Nassau County and/or;

    g. by arbitrarily delaying the beginning of any pistol license investigation for six months.

27. The Commissioner of Police of Nassau County, Defendant Krumpter is the pistol licensing officer for Nassau County and has sole authority in devising and implementing

the above policies and directed and ordered members of the Nassau County Police Department to execute said policy.

28. As a result of aforesaid longstanding governmental policy, which resulted in the denial of Plaintiff's constitutional rights, the County of Nassau is liable to the Plaintiff for monetary damages and injunctive relief.

## COUNT FOUR
### (Conversion)

29. Paragraphs 1 through 28 are realleged and incorporated herein as if they are fully set forth.

30. By the above acts the defendants intentionally converted the Plaintiffs' property valued in excess of one thousand dollars ($1,000.00), to their and/or the departments own use, to the detriment of plaintiff, as a result of which, the plaintiff is damaged in the above amount and is entitled to punitive damages in the amount of one million dollars ($1,000,000.00).

## COUNT FIVE
### (Intentional Infliction of Emotional Distress)

31. Paragraphs 1 through 30 are realleged and incorporated herein as if they are fully set forth.

32. Even though Plaintiff wrote a letter to Defendant Cappy and explained in detail what had occurred and provided Cappy with a transcript of the Hearing on the Order of Protection and Order vacating and dismissing same, Defendant Cappy refused to re-instate or reissue Plaintiff's Pistol License and return Plaintiffs' handguns.

33. When Plaintiff called Defendant Cappy on the telephone to inquire about the delay, Cappy stated he would get to it when he could, if ever, and invited the Plaintiff to institute legal proceedings against him.

34. All of the above intentional violation of Plaintiff's civil rights was an intentional infliction of emotional distress.

## COUNT SIX
(New York Penal Law Art. 400 is Unconstitutional)

35. Paragraphs 1 through 34 are realleged and incorporated herein as if they are fully set forth.

36. To the extent the "policy" and acts and delays as set forth and complained of above are derived from, authorized or justified by the language of McKinney's Penal Law Article 400, that gives the licensing officer almost unlimited discretion in granting, denying, suspending or revoking pistol licenses and thus citizens' constitutional rights under the 2nd, 5th and 14th Amendments to the United States Constitution, such law is unconstitutional.

WHEREFORE, Plaintiff prays that the Court:

1. Issue a temporary restraining order and preliminary and permanent injunctions:

    (a) ordering the Defendants to cease and desist its policy of delaying the issuance of pistol licenses and delaying investigations and decisions thereon;

    (b) institute a procedure, for a "prompt post deprivation" hearing before an "impartial decision maker" when ever a pistol license is suspended, revoked or delayed, in line with *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011).

2. Render judgment against defendants as follows:

    (a) On each Count in such sums as may be determined upon the trial of this action, including, but not limited to actual and punitive damages;

    (b) For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with cost and disbursements; and

    (c) For such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       August 5, 2016

*/s/ Robert T. Bean*
Robert T. Bean (RB 4464)
Attorney for the Plaintiff
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
E-Mail: RBeanlaw@aol.com